The next case for argument is Kiss v. Best Buy Stores. Good morning, Your Honor. Stephen Jonkis for Plaintiff Tiberiu, or Appellant Tiberiu Kiss. I'd like to reserve three minutes for rebuttal. All right. The issues in this case are simple if this was 2019, but in 2023 the public is still under the spell of a mass propaganda machine to scare the public. We had an epidemic imitating Chinese authoritarianism, not a medical epidemic. Masking was part of the authoritarian process of scaring people to death. We had to be scared of each other. We had to be scared of even healthy people. We had to be afraid of the air around us. It was an irrational public policy, but it was a very effective policy if the purpose was to cow the public into obeying government commands. Could you clarify what the injury is that you're asserting? Because, of course, as I understand it, your client did not, in fact, wear a mask. Correct. But she was excluded from Best Buy. So how would you describe the injury? He is, like all free people, able to walk around in public, go into public spaces without being required to put on an experimental medical device, which is what a mask is. So he does not have to put on a mask to be injured because you don't have to give up your constitutional rights to be injured. So the injury is the exclusion from Best Buy? Yes. Okay. Yes. As well as the bumping while he was there. So there's a torts and also the violation of his ADA rights. But in general, the injury as to the mask was requiring him and excluding him because he wouldn't put one on. So what harm we felt on him for not being allowed that day to enter Best Buy? He was embarrassed. People were pulling out cell phones and taking pictures of him. He was almost arrested. He was prevented from doing what free people can do. Is there a constitutional right to enter any particular businesses? No, there's a constitutional right not to be required to wear a medical device. You can walk around public, go to public spaces and not be required to wear a medical device. And a mask is a medical device, an experimental medical device. Right. Well, he never wore the mask though. So you're saying that his right is really the right to enter the business without any preconditions. Correct? Correct. You can't walk around in public spaces without having to put on an experimental medical device. And can private entities impose conditions on entry? No shirt, no service, no flip-flops, wear a tie before you go. Sure. Sure they can, Your Honor. But not when they are coerced by the state to do this. In Oregon, they weren't coerced in Idaho or Texas or other places where there was not a mask requirement and a $500 per occurrence per day fine. I mean, that is the state action question here is one of the easy questions. A $500 per day per occurrence fine is an extreme example of government coercion. I mean, it would be an easier case if you had named as a defendant some state official involved in enforcing this scheme, but you didn't, right? The only defendant here is Best Buy. So I guess the first question is, why didn't you sue one of the state officials who actually enforces this? Well, I'm not sure which state official to sue, but Best Buy is the entity that did the damage. Okay. But then what do you do with the cases that say that a private entity that's just sort of complying, compliance with generally applicable laws? It's not generally applicable laws. I think, I'm sorry to interrupt you, Your Honor. I think the Mathis case is very instructive on this. You have a district court that dismissed based on no state action. And there were three plaintiffs. Two of the plaintiffs, the court of appeals, this court said that no, there was no state action because they were general requirements. The third, which is Mathis, this court reversed the district court saying that there was state action because there was a standard of decision. The NRC set up a standard of decision. I mean, there were two Mathises, right? And in the first Mathis, we reversed and said, maybe he could establish that PG&E was acting under a federal policy. Correct. And then when it came back up, we said, you know, he hadn't been able to establish that because he hadn't shown anything specifically specific, sufficiently specific, excuse me. So I'm not sure how Mathis helps you here where we don't have a policy that was directed to Best Buy. It was generic, all businesses and shops. The difference is it wasn't asking for a social security number. It was a standard of decision. The government was making a decision whether people could come into Best Buy with or without a mask. That was a government decision. The standard of decision, which Mathis talks about, is different from just a general applicable statute like giving the government a social security number, like in Sutton, which is the contrasting case. And Sutton, I think, explains the difference. I know, Counsel, you were hoping to save a few minutes for rebuttal. Yeah, three minutes. So I'm down to less than a minute, I think, my opening. We also have a statutory claim where there's an explicit right to informed consent under a federal statute. And Your Honors asked for a separate brief on the standing, and I think that's pretty self-explanatory. Taroukis was personally injured by being required to wear a mask. He's able to go out in public and not be required to wear an experimental medical device. I'll reserve the rest of my time for rebuttal. All right. Thank you, Counsel. May it please the Court, John Barham for Best Buy. The passionate argument we just heard is an argument best suited for the electoral or democratic process. That's why we have standing rules, though, to prevent these types of general grievances over state laws from making its way into the judicial process. Plaintiff didn't suffer an actual injury, and I think the case law makes that fairly clear. And without an actual injury, there's no standing under Article III to bring the lawsuit. Plaintiff was not arrested. Plaintiff was not cited. Plaintiff was not forced to wear anything. And without an actual injury, there's just no standing. Why is that? I mean, so, if we assume for a moment that, you know, we don't have, that there's, they can overcome the state action problem, and if we assume that there is, in fact, some standing is separate from the merits, so if we assume that they could win on the merits, then it seems sort of like an unconstitutional conditions case. And then the fact that you, you know, didn't, you know, if the government is unconstitutionally coercing you into doing something, the fact that you resisted the coercion, you were still deprived of the thing that was wrongly conditioned on giving up a constitutional right, why isn't there standing, then? I mean, it, it, I have grievances over the tax code, but I can't sue my employer for withholding money from my paycheck every month, and I think the same is true. This is a very generalized— Well, I think you, I think you would have standing to do, I mean, like, he's taking money from you. When you sue him, you lose because there's no constitutional right not to have tax withholding, but you lose on the merits. I don't think you lose for lack of standing. I guess we have to assume, then, Your Honor, that, that there's a constitutionally protected right to simply enter Best Buy, which I disagree with. I don't think that's a constitutionally protected right, and there's no injury or harm. A plaintiff could have simply ordered what a plaintiff wanted to order, and they would have been delivered to his doorstep. Plaintiff didn't have to enter the store that day, and I don't think there's a constitutionally protected right to shop at Best Buy. Well, but, but, well, I don't think anyone disputes that, but I mean, suppose that the government, you know, suppose they had a rule that, you know, we will have a list of people who have criticized the governor of the state, and those people may not go to Best Buy, right? You don't have a constitutional right to go to Best Buy, but that scheme would still pose a constitutional problem, wouldn't it? The, yeah, well, the, the cases that have addressed this issue, and there are numerous cases, have all found that there's really no standing when you're simply being asked to wear a mask. You're not being forced to wear it. So there's no injury where you're not cited, arrested, or being forced to do something. You're simply being asked to comply, much like I'm being asked to comply with wearing a coat and tie today in, in your courtroom, and I don't, I don't think it's different. I think, of course, the bigger issue probably other than standing is simply there's, there's no state actor here. I mean, Best Buy is in the business of selling televisions, and Best Buy should not be forced to defend the constitutionality of mask mandates, and so that is probably the bigger issue here. As a private entity, you have to presume that it is not a state actor, and there's no evidence that it was. It's simply trying to stay in compliance with, with laws that are passed by the state, and to force private businesses to defend constitutional, the constitutionality of laws is, is a burden that I don't think the, the case law puts on these private businesses. So I think that's the bigger issue, too. I'm happy to take any questions, but I think all these issues were pretty thoroughly briefed, and so I don't want to spend time going over things we've already talked about in the briefing. All right. Thank you, Counselor.  Steve Ajankas again, Your Honor. Injury is an invasion of a legally protected interest, and this is a legally protected interest. It's not a, it's not a matter of you're wearing a coat or a tie. It's a device regulated by the FDA as a medical device, as an experimental medical device, and that's where the constitutional issues come in. Now, Best Buy didn't dream up this policy. I agree with that. They didn't imply it in other states like Texas, but that law is still on the books, and I want every retailer in the state of Oregon to know that they are not allowed to follow that law because it's a $500 fine. In the context of authoritarian theory, Best Buy is a useful idiot. They just followed the law, but those useful idiots need not to be useful idiots. That's my point. But your argument undercuts your theory of state action then because all these stores are following the law that applies to all of them. No, it doesn't because it is, it was a requirement for a particular result in a particular situation, and it was an extraordinarily large fine for failure to comply. There was a standard of decision issued by the state as to what Best Buy had to do, and they were going to be fined for $500. That cannot stand, and that law is still on the books. If, setting aside the state action problem, what's the best case for the proposition that there is a constitutional right not to wear a mask? It's the liberty interest under, starting with Kruzan, the liberty interest, and then the question is for what are the meets and bounds of your liberty interest? In the case of an experimental medical product, we're talking about the rights described in the Nuremberg Code, and Sitterman-DeBlake, this court's case, describes what the standard of review is for a violation of a juice cogent's norm, like the informed consent required by the Nuremberg Code for experimental devices. It says it's no derogation. That's the standard of review, which is a higher standard of review than strict scrutiny. The Supreme Court's never addressed that violation. Don't you think that, I mean, the category of experimental medical devices lumps together a lot of things that are perhaps not really very similar, doesn't it? Like masks and the kinds of things that they were talking about at Nuremberg? The human right is protected in matters big and small. The Nuremberg Code was born out of ugly history. Racial discrimination laws in the United States were born out of ugly history. When someone comes to the court and says, I've been discriminated against, you don't say, where was the lynching? Without the lynching, we're not going to consider your case. When you have a violation of this particular human right, you don't get to say, where was the mass murder from the Holocaust? It's not a Holocaust. Of course it's not. But it is a human right that applies in matters large and small. All right. Thank you, counsel. Our questions took you over time, but we really appreciate your argument for both sides. The matter is submitted.
judges: NGUYEN, MILLER, Montalvo